IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ROBERT STARBUCK NEWSOM, aka ROBBY STARBUCK, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:22-cv-00318 |
| v. | ) ) ) | CHIEF JUDGE WAVERLY D. CRENSHAW, JR. |
| SCOTT GOLDEN, in his official capacity as Chairman of the Tennessee Republican Party; the TENNESSEE REPUBLICAN PARTY; MARK GOINS, in his official capacity as Coordinator of Elections—Office of the Tennessee Secretary of State; and TRE HARGETT, in his official capacity as Tennessee Secretary of State | ) ) ) ) ) ) ) ) ) ) ) ) ) | MAGISTRATE JUDGE JEFFREY S. FRENSLEY |
| Defendants. | ) | |

## MOTION TO DISMISS ALL CLAIMS AGAINST THE TENNESSEE REPUBLICAN PARTY AND SCOTT GOLDEN[1]

The Tennessee Republican Party (the "TRP") and the Chairman of the TRP, Scott Golden (collectively referred to as the "TRP Defendants"), move to dismiss Plaintiff Robert Starbuck Newsom's ("Plaintiff" or "Starbuck") Complaint (ECF No. 1) against them for multiple independent reasons under Fed R. Civ. P. 12(b)(6) and 12(h)(3). The TRP Defendants also have separately filed a Memorandum of Law in Support of this Motion, which is hereby incorporated by reference pursuant to Fed. R. Civ. P. 10(c). The TRP Defendants further state the following

---

[1] TRP Defendants also oppose the Emergency Motion for Temporary Restraining Order/Preliminary Injunction ("Motion for TRO") that was separately filed today, May 3, 2022 (ECF No. 7). TRP Defendants are working on a response to the Motion for TRO that they intend to file as soon as possible. However, as shown herein, Starbuck has no likelihood to succeed on the merits of this case. All of his claims should be dismissed. Therefore, the Motion for TRO should be denied and the Court should instead grant this Motion to Dismiss.

grounds for this Motion:

1. The Court should dismiss this case that is focused on a private intra-party dispute about who is a bona fide Republican because that role is exclusively delegated to the TRP alone. TCA § 2-13-104; *Kurita v. State Primary Bd. of Tenn. Democratic Party*, No. 3:08-0948, 2008 WL 4601574, at *7 (M.D. Tenn. Oct. 14, 2008), *aff'd*, 472 F. App'x 398 (6th Cir. 2012); *see also State ex rel. Inman v. Brock*, 622 S.W.2d 36, 42-43 (Tenn. 1981) (discussing the legislative intent to keep the courts and the public sector out of "intra-party actions, reactions, and squabbles" by requiring those issues "to be settled within the party structure").

2. Counts One through Three of Starbuck's Complaint against the TRP Defendants, which assert claims under 42 U.S.C. § 1983 and/or the Fourteenth Amendment, should be dismissed **with prejudice** because Starbuck has not—and cannot—prove that the TRP: (1) acted under the color of state law (i.e., was a state actor); or that (2) Starbuck was deprived of some right or privilege secured by the constitution or laws of the United States. *Banchy v. Republican Party of Hamilton Cnty.*, 898 F.2d 1192, 1194 (6th Cir. 1990); *Federspiel v. Ohio Republican Party State Cent. Comm.*, 867 F. Supp. 617, 621 (S.D. Ohio 1994). Starbuck has failed to plead facts meeting these fundamental elements of a § 1983 claim; therefore, Counts One through Three should be dismissed.

3. After dismissing Counts One through Three of the Complaint, which are the only claims in Starbuck's Complaint based on federal law, the Court should then dismiss the remaining Tennessee state law claims (Counts Four through Six) because of the lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3). *Blakely v. United States,* 276 F.3d 853, 860 (6th Cir. 2002); *Thomas v. Taco Bell Corp. Off.*, 1:19 CV 1447, 2019 WL 7290962, at *2 (N.D. Ohio Dec. 30, 2019).

4. To the extent that the Court does not dismiss the state law claims under Fed. R. Civ.

P. 12(h)(3) for lack of subject matter jurisdiction, then it should separately dismiss them **with prejudice** for the following reasons:

    a.    Count Four alleging purported violations of the Tennessee Open Meetings Act, Tenn. Code Ann. § 8-44-101, et. seq. ("TOMA"), should be dismissed because the TRP's State Executive Committee ("SEC") was not acting as the state primary board when removing Starbuck from the ballot under TCA §§ 2-13-104 and 2-5-204, and the TRP SEC is not a governing body or a public body under the TOMA. *Dorrier v. Dark,* 537 S.W.2d 888, 891 (Tenn. 1976). A state executive committee's private determination of whether a candidate is a bona fide member of the political party does not require public meetings or the involvement of a state primary board. TCA §§ 2-13-104, 2-5-204; *see also State ex rel. Inman v. Brock*, 622 S.W.2d 36, 42 (Tenn. 1981).

    b.    Count Five of the Complaint asserting a breach of contract cause of action also should be dismissed because the TRP's Bylaws do not constitute an enforceable contract between the TRP Defendants and Starbuck. Moreover, even if the bylaws somehow could be considered a contract (it is not), the TRP did not breach any contract with Starbuck. Moreover, Defendant Golden cannot breach any contract purportedly based on the bylaws because he is not a party to the bylaws, is not mentioned in the bylaws, and does not have authority to adopt or amend the bylaws. Ex. A to Compl., Article IX, § 3. He cannot be found liable on a contract to which he is not a party. *Schilling Foods, LLC v. First Data Corp.,* No. 218CV02320MSNCGC, 2021 WL 5154243, at *4 (W.D. Tenn. Aug. 10, 2021) (dismissing breach of contract claims).

    c.    Count Six of the Complaint alleging promissory estoppel also fails to state a claim because Starbuck has only regurgitated the promissory estoppel legal elements without any factual enhancement, which fails to comply with basic *Iqbal/Twombly* pleading requirements.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**WHEREFORE, PREMISES CONSIDERED,** for all of the foregoing reasons and for the reasons stated in the separately filed Memorandum of Law in support of this Motion that is incorporated by reference, Starbuck's Complaint against the TRP Defendants should be dismissed in its entirety **with prejudice**. Alternatively, the Court should dismiss Starbuck's § 1983 claims (Counts 1-3) that are based on federal law **with prejudice**, and then dismiss the state claw claims (Counts 4-6) because of a lack of jurisdiction under Fed. R. Civ. P. 12(h)(3). After dismissing the claims against the TRP, the Court should then order Starbuck to pay the TRP's attorneys fees and costs. *See* 42 U.S.C. § 1988(b).

Respectfully Submitted,

/s/ Joshua A. Mullen
Joshua A. Mullen, Esq. (TN Bar No. 28388)
WOMBLE BOND DICKINSON (US) LLP
1222 Demonbreun Street
Nashville, TN 37203
Josh.Mullen@wbd-us.com

&

2001 K Street, NW
Suite 400 South
Washington D.C. 20006
Direct Dial: (202) 857-4522
Facsimile: (202) 261-0034[2]
*Counsel for Defendants, Tennessee Republican Party and Scott Golden*

---

[2] Washington, DC is the official mailing address as provided in Local Rule 83.01(f), while the Nashville, TN address is my local office.

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2022, I caused a copy of the foregoing MOTION TO DISMISS ALL CLAIMS AGAINST THE TENNESSEE REPUBLICAN PARTY AND SCOTT GOLDEN to be filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt, including those listed below.

        Eric G. Osborne (#29719)
        Mark Alexander Carver (#36754)
        SHERRARD ROE VOIGT & HARBISON, PLC
        150 Third Avenue South, Suite 1100
        Nashville, Tennessee 37201
        Tel. (615) 742-4200 | Fax. (615) 742-4539
        eosborne@srvhlaw.com
        acarver@srvhlaw.com

        &

        David A. Warrington
        (special admission pending)
        Michael A. Columbo
        (special admission pending)
        DHILLON LAW GROUP INC.
        177 Post Street, Suite 700
        San Francisco, California 94108
        Tel. (415) 433-1700
        dwarrington@dhillonlaw.com
        mcolumbo@dhillonlaw.com
        *Counsel for Robert Starbuck Starbuck*

  /s/ Joshua A. Mullen
     Joshua Mullen